## LI GRECI v. HANOVER REALTY & CONSTRUCTION CO.

(Supreme Court, Appellate Term.   April 8, 1909.)

WORK AND LABOR (§ 2*)—SERVICES PRELIMINARY TO CONTRACT—RIGHT TO RE-
COVER THEREFOR.

Though plaintiff may have a right of action on an agreement to award
him a carpenter contract, no recovery can be had for services which he
performed preliminary to the contract, which defendant refused to award
to him as agreed, and which were not to be paid for, in the contemplation
of either party, if the contract had been awarded him.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 1, 2;
Dec. Dig. § 2.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Action by Nicholas Li Greci against the Hanover Realty & Construc-
tion Company. From a judgment for plaintiff, defendant appeals. Re-
versed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEH-
MAN, JJ.

Strauss & Anderson (Nathaniel D. Reich, of counsel), for appel-
lant.

N. J. O'Connell, for respondent.

LEHMAN, J.  The plaintiff is suing for work, labor, and services
which, he alleges, the defendant induced, requested, and invited the
plaintiff to perform, upon the representation and inducement that the
contract for the carpenter work on certain houses should be awarded
to plaintiff, and that defendant thereafter refused to award the contract
to plaintiff, and has refused to pay the plaintiff for the said services.

The plaintiff at the trial showed that the services had been rendered
at the request of the defendant; but he failed to show that they were
rendered under circumstances from which a promise to pay could be
implied.  The services consisted of making a list of everything which
he would need for the trim and going every day to the office of defend-
ant.  There is absolutely no evidence that these services could be of
value to the defendant, if it awarded the contract to any other person.
The plaintiff has testified that he could not have charged for these
services if the contract had been awarded to him, and he does not claim
that there was any absolute promise to ward the contract to him until
near the end of the time on which he claims for services; nor has he
shown any facts from which bad faith could be inferred in the failure
to award the contract to him.  It may be that plaintiff has a right of
action upon the agreement to award the contract to him; but he has
certainly no right to recover for services which he performed prelimi-
nary to such contract, and which were not to be paid for in the contem-
plation of either party.

The judgment should be reversed, and a new trial ordered, with costs
to appellant to abide the event.

GILDERSLEEVE, P. J., and SEABURY, J., concur in the result.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes